UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


NATHAN AUSTIN ROLLE, JR.,

        Plaintiff,

v.                               Case No. 3:05-cv-1161-J-12HTS

JAMES CROSBY, SECRETARY OF THE
FLORIDA DEPARTMENT OF CORRECTIONS,

        Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this action by filing "A Complaint Under the Civil Rights Act, 42 U.S.C. § 1983" (Doc. #1) (hereinafter Complaint). On the Complaint form, Question 1(A) asks the following: "Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?" Complaint at 2. There are parenthetical areas to mark either yes or no. Plaintiff marked no on his Complaint. Id. At the end of the Complaint, Plaintiff signed his name after the following statement on the form: "I declare under penalty of perjury that the foregoing is true and correct." Id. at 5. The Court takes judicial notice of Plaintiff's previous prisoner civil rights filings in federal

court: (1) 3:95-cv-30405 (N.D. Fla); (2) 3:95-cv-30476 (N.D. Fla); (3) 1:95-cv-1879 (S.D. Fla); (4) 1:96-cv-879 (S.D. Fla); and, (5) 1:98-cv-8009 (S.D. Fla).

This Court is convinced that Plaintiff understands the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. The Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here, Plaintiff has falsely responded to Question (A) in Section 1, entitled "Previous Lawsuits."

The President of the United States, on April 26, 1996, signed into law several amendments significantly affecting prison litigation. These amendments are entitled the Prison Litigation Reform Act. Specifically, prisoners proceeding in forma pauperis are prohibited from bringing a civil action or appeal if the prisoner has, on three or more prior occasions, while incarcerated, brought an action or appeal in a federal court that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. See 28 U.S.C. §

1915(g).[1] For these reasons, it is imperative that Plaintiff comply with the instructions of this Court.

Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case <u>without prejudice</u> and warn Plaintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

It is now

**ORDERED AND ADJUDGED:**

1. This case is hereby dismissed **without prejudice.**

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3. The **Clerk of Court** shall send a "Civil Rights Complaint Form," an "Affidavit of Indigency" form, and a "Prisoner Consent Form and Financial Certificate" to Plaintiff. If Plaintiff elects to refile his claims in a separate action, he may complete and

---

[1] This section is commonly referred to as the "three strikes" provision. <u>See</u> <u>Rivera v. Allin</u>, 144 F.3d 719 (11th Cir. 1998). In <u>Rivera</u>, the court found that the dismissal of one of the plaintiff's previous lawsuits as an abuse of the judicial process (for lying under penalty of perjury about the existence of a prior lawsuit) should count as one of the three strikes under this provision because "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)." <u>Rivera v. Allin</u>, 144 F.3d at 731.

submit these forms.[2]   Plaintiff should not place this case number
on the forms.   The Clerk will assign a separate case number if
Plaintiff elects to refile his claims.   In refiling, Plaintiff
shall **either** file a fully completed "Prisoner Consent Form and
Financial Certificate" and "Affidavit of Indigency" (if Plaintiff
desires to proceed as a pauper) **or** pay the $250.00 filing fee (if
Plaintiff does not desire to proceed as a pauper).

    4.   The Clerk of the Court shall close this case.

    **DONE AND ORDERED** at Jacksonville, Florida, this **16th** day of
November, 2005.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

ps 11/16
c:
Nathan Austin Rolle, Jr.

---

[2] Plaintiff must also append to the Civil Rights Complaint Form any
administrative grievances he filed regarding his claims to verify that
he exhausted his administrative remedies.

- 4 -